This case is now before the court pursuant to the allowance of an application for rehearing. On the original hearing the court issued a writ of mandamus directing the respondent, C. Watson Hover, prosecuting attorney of Hamilton County, to dismiss certain indictments pending against relator, Edwin E. Lotz, on the ground that relator had been denied a speedy trial. State, ex rel. Lotz, v. Hover, Pros. Atty., 174 Ohio St., 68.
The primary question raised by respondent is whether he has the power to dismiss such indictments. If he does not have such power, obviously there is no clear legal duty which may be enforced by mandamus. It is respondent’s contention that basically the power to dismiss an indictment lies in the Court of Common Pleas, and his only authority in relation thereto *381 arises by reason of Section 2941.33, Revised Code, which provides as follows:
“The prosecuting attorney shall not enter a nolle prosequi in any cause without leave of the court, on good cause shown, in open court. A nolle prosequi entered contrary to this section is invalid.”
Respondent urges that under this section the only way he can dismiss an indictment is with the leave of the court. We think his point well taken. Clearly, under this statute the prosecuting attorney may dismiss indictments only with the consent of the Court of Common Pleas. A writ of mandamus may only issue if the person against whom such writ is directed has the complete power to perform the act.
The writ issued in this case is withdrawn.

Writ withdrawn.

Taet, C. J., Zimmerman, Matthias, O’Neill, Grieeith, Herbert and Gibson, JJ., concur.